UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

United States of America,

    Plaintiff,

vs.

Approximately 34.5 Bitcoins
from Coinbase account
61b39773817ceblad3108ee0,

    Defendant *in Rem*.

Civil Case No.

Honorable
Magistrate Judge

## Complaint for Forfeiture

Now comes plaintiff, United States of America, by and through its undersigned attorneys, and states upon information and belief in support of this Complaint for Forfeiture as follows:

### Jurisdiction and Venue

1. This is an *in rem* civil forfeiture action pursuant to 18 U.S.C. § 981(a)(1)(C), resulting from violations of 18 U.S.C. § 1343.

1

2. This Court has original jurisdiction over this proceeding pursuant to 28 U.S.C. § 1345 because this action is being commenced by the United States of America as plaintiff.

3. This Court has jurisdiction over this forfeiture action pursuant to 28 U.S.C. § 1355(b)(1)(A) because the acts giving rise to the forfeiture occurred in the Eastern District of Michigan.

4. Venue is proper before this Court pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the government's claims occurred in the Eastern District of Michigan.

5. Venue is also proper before this Court pursuant to 28 U.S.C. § 1395(c)) because the defendant *in rem* was brought into the Eastern District of Michigan.

## Defendant *In rem*

6. The defendant *in rem* consists of approximately 34.5 Bitcoins from Coinbase account 61b39773817ceblad3108ee0 ("Defendant Bitcoins").

7.     The Defendant Bitcoins were seized as proceeds of wire fraud pursuant to a seizure warrant executed by the Federal Bureau of Investigation ("FBI").

## Underlying Criminal Statutes

8.     18 U.S.C. § 1343 ("Wire Fraud") prohibits anyone from devising or intending to devise any scheme or artifice to defraud, or to obtain money or property by means of false or fraudulent pretenses, representations, or promises, to transmit or cause to be transmitted by means of wire, radio, or television communication in interstate or foreign commerce, any writings, signs, signals, pictures, or sounds for the purpose of executing such scheme or artifice.

## Statutory Basis for Civil Forfeiture

9.     18 U.S.C. § 981(a)(1)(C) provides, in pertinent part, for the forfeiture of:

> Any property, real or personal, which constitutes or is derived from proceeds traceable to . . . any offense constituting "specified unlawful activity" (as defined in section 1956(c)(7) of this title), or a conspiracy to commit such offense.

10.    18 U.S.C. §§ 1956(c)(7) and 1961(1) define Wire Fraud, in violation of 18 U.S.C. § 1343, as a specified unlawful activity.

3

## Factual Basis for Forfeiture

11. The Defendant Bitcoins are forfeitable to the United States as property that constitutes or is derived from the proceeds of a wire fraud scheme in violation of 18 U.S.C. § 1343. The facts supporting this evidentiary determination include, but are not limited to, the following:

12. BHY, a holder Bitcoin digital currency in December 2021, was at all times relevant to this complaint a resident of the Eastern District of Michigan. On or about December 9, 2021, BHY was locked out of his Uphold account, a digital money platform for the buying and selling of assets including but not limited to, cryptocurrency, equities, and metals.

13. BHY was informed by Uphold that Bitcoins were transferred out of his account after he was locked out. By December 11, 2021, BHY's account was emptied of all Bitcoins. BHY did not give any person permission to access his Uphold account, and he did not personally transfer or authorize any person to transfer his Bitcoins from his Uphold account.

14. Without his authorization, BHY's Bitcoins were transferred to four different exchanges and several private wallets.

15. A total of nine unauthorized Bitcoin transactions were identified as being remitted from BHY's account on December 10 and December 11, 2021, without BHY's authorization or consent.

16. A majority of BHY's transferred Bitcoins was traced to addresses at the cryptocurrency exchange Coinbase. Coinbase is an online platform for buying, selling, transferring, and storying digital currency.

17. In total, approximately 78.7 Bitcoins were withdrawn from BHY's Uphold account and ultimately transferred to the following Coinbase addresses:

    a. 3DZQL2LawuoU2jxLKw4ByBUmMKkYJcPL7u

    b. 3NC2L8YBvvtdLiKGM9DMDsqKsAarfzpUix

    c. 3HcbUhVG4RuGBi762wS9pT7NtzBoctb29Y

    d. 3Qpd7qRJZvEH27cyFe8kvksCwceEUmNDCj

    e. 372DZZW43CW8C1BFpB3Fdgke6tQY89c8sD

18. Data returned by Coinbase Inc. identified user ID:61b39773817ceb1ad3108ee0 as the holder of the following Coinbase addresses listed above.

    a. 3NC2L8YBvvtdLiKGM9DMDsqKsAarfzpUix

  b. 3HcbUhVG4RuGBi762wS9pT7NtzBoctb29Y

  c. 3Qpd7qRJZvEH27cyFe8kvksCwceEUmNDCj

  d. 372DZZW43CW8C1BFpB3Fdgke6tQY89c8sD

The identified Coinbase user ID is held in the name of a third-party unknown to BHY.

 19. On April 13, 2022, a warrant was issued by a federal magistrate judge in the Eastern District of Michigan to seize all Bitcoins contained in Coinbase account 61b39773817ceb1ad3108ee0.

 20. On April 14, 2022, FBI executed the seizure warrant and the Defendant Bitcoins, approximately 34.5 Bitcoins from Coinbase account 61b39773817ceblad3108ee0, were seized.

## Claim

 21. Plaintiff re-alleges and incorporates by reference each and every allegation contained in paragraphs one through 20 above, including all their subparts.

 22. Based upon the facts outlined above and the applicable law, the Defendant Bitcoins are forfeitable pursuant 18 U.S.C. § 981(a)(1)(C), as proceeds of wire fraud in violation of 18 U.S.C. § 1343.

## Conclusion and Relief

WHEREFORE plaintiff respectfully requests that a warrant for arrest of the defendant *in rem* be issued; that due notice be given to all interested parties to appear and show cause why the forfeiture should not be decreed; that judgment be entered declaring that the defendant *in rem* be condemned and forfeited to the United States of America for disposition according to law; and that the United States be granted other relief as this Court may deem just and proper, together with the costs and disbursements of this action.

Respectfully submitted,

DAWN N. ISON
United States Attorney

s/ Gjon Juncaj
GJON JUNCAJ (P63256)
Assistant United States Attorney
211 W. Fort Street, Suite 2001
Detroit, MI 48226
(313) 226-0209
Dated: August 23, 2022      Gjon.juncaj@usdoj.gov

## **VERIFICATION**

I, David S. Jacobs, am a Special Agent with the Federal Bureau of Investigation. I have read the foregoing Complaint for Forfeiture and assert under penalty of perjury under the laws of the United States of America that the facts contained therein are true to the best of my knowledge and belief, based upon knowledge possessed by me and/or on information that I received from other law enforcement agents and/or officers.

Dated: August 23, 2022

David S. Jacobs, Special Agent
Federal Bureau of Investigation